*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SURGEONS CHOICE MEDICAL CENTER,

Plaintiff-Appellant,

UNPUBLISHED
October 6, 2022

v

EVEREST NATIONAL INSURANCE COMPANY,

Defendant-Appellee.

No. 352744
Oakland Circuit Court
LC No. 2019-173098-NF

Before: MURRAY, P.J., and FORT HOOD and RICK, JJ.

PER CURIAM.

Plaintiff, Surgeons Choice Medical Center, appeals as of right the trial court's order granting summary disposition under MCR 2.116(C)(7) in favor of defendant, Everest National Insurance Company, on the basis of res judicata. We vacate and remand for further proceedings.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case concerns plaintiff's attempts to receive payment for personal-protection-insurance (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*,[1] for services rendered to Tracy Tran (the insured), who was injured in an automobile accident in March 2017, from Tran's automobile insurance provider, defendant.

Tran received treatment services from plaintiff and several other medical providers, including Ferndale Rehabilitation Center, Vital Community Care, and Affiliated Diagnostics of Oakland, LLC. Subsequently, Tran assigned her rights to recover PIP benefits to each medical

---

[1] The no-fault act underwent substantial revisions when it was amended by 2019 PA 21 effective June 11, 2019. The order relevant to this appeal was entered on January 29, 2020, but the complaint was filed on April 8, 2019, before the enactment of the amendments. Therefore, this case is controlled by the former version of the no-fault act. See *George v Allstate Ins Co*, 329 Mich App 448, 451 n 3; 942 NW2d 628 (2019).

provider for services rendered, and each provider brought its own, separate suit against defendant seeking payment of benefits for the services they respectively provided to Tran. Tran's assignment to plaintiff occurred on April 4, 2019, and plaintiff filed its complaint in the instant case on April 8, 2019. Tran filed a direct suit against defendant, which was dismissed by stipulated order after case evaluation on July 19, 2019.[2]

Defendant brought motions for summary disposition in each provider case on the basis of Tran's alleged misrepresentations. In the instant case, defendant answered plaintiff's complaint on July 1, 2019, asserting the affirmative defense that the insurance policy was "void *ab initio* as the insured made material representations at the time the policy was procured." On August 2, 2019, defendant moved for summary disposition under MCR 2.116(C)(10) on the basis of Tran's alleged material misrepresentations in her application for insurance. Relevant here, defendant argued it was entitled to rescind the policy because Tran omitted the fact that she owned the Camry in her application for insurance. Tran, a Vietnamese woman with difficulty speaking and reading English, obtained her policy with defendant by submitting an application for insurance. The application for insurance asked for information on all vehicles owned and registered by the applicant. When she filled out the application with the help of a third-party insurance agent, Tran only identified a 2005 Honda Accord. However, Tran also owned a 2007 Toyota Camry that she bought for her son. Tran did not identify the Camry as a vehicle owned by, or registered to her. Colleen Miller, an underwriter with Arrowhead General Insurance Agency, a general agency that writes policies for defendant, testified that had defendant known about the Camry, it would not have issued the policy to Tran as written. Although Miller initially asserted in an affidavit that the Camry would have increased Tran's premium by $921, she did not know the Camry was covered by a policy with Progressive. Defendant asserted that the misrepresentation was material because had it known about the Camry, it would not have issued Tran the policy.

Before defendant's motion for summary disposition seeking rescission was heard in the instant case, other courts heard the other provider suits and granted defendant's respective motions for summary disposition, in which defendant sought rescission on the basis of Tran's material misrepresentation in the application for insurance, in June and August 2019. In June 2019, approximately two months after plaintiff filed its complaint, the 19th District Court granted defendant's motion for summary disposition against Vital Community Care, stating that Vital Community Care's claim against defendant was "dismissed with prejudice due to the patient's material misrepresentation[.]" On August 6, 2019, the Oakland Circuit Court entered an order dismissing Ferndale Rehabilitation Center's suit against defendant and granted rescission of the insurance policy. On August 13, 2019, the 19th District Court also granted defendant's motion for summary disposition regarding rescission against Affiliated Diagnostics of Oakland, LLC.

In mid-October 2019, without providing notice to plaintiff, defendant sent Tran a letter notifying her that it was rescinding her insurance policy and enclosed a check for $11,294.52, the total amount of premium payments Tran had made over the course of the policy. In early

---

[2] Tran's case against defendant was dismissed after the parties accepted the case evaluation award and before the court heard argument on defendant's motion for summary disposition in the instant case.

November 2019, Tran endorsed the check from defendant and cashed the check. However, in mid-November 2019, plaintiff's attorney attempted to return the funds to defendant, indicating that Tran had cashed the check in error.

On November 20, 2019, defendant moved for summary disposition under MCR 2.116(C)(7) on the basis of res judicata and collateral estoppel. Relying on the orders in the other provider suits, defendant argued that res judicata and collateral estoppel barred plaintiff's claims in this case. Defendant asserted the other provider suits involved decisions on the merits and relied on Tran's misrepresentations related to her additional vehicle. Defendant also argued plaintiff was in privity with Tran and the other providers. Further, defendant asserted plaintiff's claims were also barred because Tran had accepted rescission of the policy by endorsing and cashing the premium refund check. Plaintiff responded to defendant's motions for summary disposition, arguing, in part, that the failure to disclose the Camry was not a material misrepresentation because its existence would not have increased her premium or otherwise prevented the writing of the policy. Plaintiff argued that res judicata and collateral estoppel did not bar its claim because it was neither a party nor a privy of a party to the other medical providers' actions. Plaintiff also asserted that there was no mutual rescission of the insurance policy because Tran had timely returned the premium refund check.

A hearing was held on defendant's motions on January 29, 2020. The trial court struggled with how plaintiff could obtain benefits from a contract that was rescinded by order of a different court. While the trial court concluded it "would not have granted the rescission," it recognized it was "stuck with it." The trial court stated it could not "figure out how to get around a contract being rescinded." Thus, the trial court stated: "So I'm granting the motion as to that issue—again specifically—the rescission of the contract because once a contract has been rescinded it no longer exists and I don't know how you get benefits from a contract that no longer exists." The court did not address defendant's arguments regarding mutual rescission and granted summary disposition on the basis of res judicata. This appeal followed.

## II. RES JUDICATA AND COLLATERAL ESTOPPEL

Plaintiff argues the trial court erred in applying res judicata to bar its claims because assignees are not bound by a judgment obtained by the predecessor in interest after the assignment. Plaintiff asserts that if it cannot be bound by a judgment entered against its own assignor after execution of the assignment, it cannot be bound by such a judgment entered against other assignees. Additionally, plaintiff argues it was not a party, or in privity with a party, in any of the other provider actions. Thus, according to plaintiff, the trial court's grant of summary disposition on the basis of res judicata was improper. We agree.

"The applicability of legal doctrines such as res judicata and collateral estoppel are questions of law to be reviewed de novo." *Allen Park Retirees Ass'n, Inc v Allen Park*, 329 Mich App 430, 443; 942 NW2d 618 (2019) (quotation marks and citation omitted). "Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by res judicata or collateral estoppel." *Id*. "A motion brought under MCR 2.116(C)(7) *may* be supported by affidavits, depositions, admissions, or other documentary evidence." *Id*. at 444 (quotation marks and citation omitted). "All well-pleaded allegations are viewed in the light most favorable to the nonmoving party unless documentary evidence is provided that contradicts them." *Haksluoto v*

*Mt Clemens Regional Med Ctr*, 500 Mich 304, 309; 901 NW2d 577 (2017). "If there is no factual dispute, the determination whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law." *Allen Park Retirees Ass'n*, 329 Mich App at 444.

> The doctrine of res judicata is employed to prevent multiple suits litigating the same cause of action. The doctrine bars a second, subsequent action when (1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first. [*Adair v Michigan*, 470 Mich 105, 121; 680 NW2d 386 (2004).]

"Whereas res judicata involves preclusion of entire claims, collateral estoppel focuses on specific issues within an action." *Mecosta Co Med Ctr v Metro Group Prop & Cas Ins Co*, ___ Mich ___; ___ NW2d ___ (2022) (Docket Nos. 161628 & 161650); slip op at 6.

> The elements of collateral estoppel are similar: (1) a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment, (2) the parties or privies must have had a full and fair opportunity to litigate the issue, and (3) there must be mutuality of estoppel. [*Id*. at ___; slip op at 6 (cleaned up).]

"One of the critical factors in applying collateral estoppel involves the determination of whether the respective litigants were parties or privy to a party to an action in which a valid judgment has been rendered." *Id*. at ___; slip op at 6 (quotation marks, citation, and alterations omitted). Accordingly, "both res judicata and collateral estoppel apply only when the parties in the subsequent action were parties or privies of parties to the original action." *Id*. at ___; slip op at 6.

Our Supreme Court recently addressed whether a plaintiff's claim seeking payment of PIP benefits on behalf of an insured was barred under res judicata and collateral estoppel as a result of a judgment entered after an assignment in *Mecosta Co Med Ctr,* ___ Mich at ___; slip op at 5. In *Mecosta*, the insured was injured in a car accident and he received medical treatment from medical providers, including the plaintiffs. *Id*. at ___; slip op at 2. The insured assigned his right to collect PIP benefits in the amount of his treatment bills from the insurer responsible for making those payments to the plaintiffs. *Id*. at ___; slip op at 2, 3. After the assignment, the insured filed a suit against the insurer, to which the plaintiffs were not a party, seeking PIP benefits for other services he received as a result of the accident. *Id*. at ___; slip op at 2. In the insured's direct suit, the trial court held that the insured had "not properly insured the vehicle and was therefore not entitled to any benefits." *Id*. at ___; slip op at 2-3. After that judgment was entered, the defendants filed a motion for summary disposition under MCR 2.116(C)(7) and (C)(10) in the provider plaintiffs' case, arguing that the plaintiffs' claims were barred on the basis of res judicata and collateral estoppel as a result of the judgment in the insured's lawsuit. *Id*. at ___; slip op at 4. Our Supreme Court held that res judicata and collateral estoppel did not bar the plaintiffs' claims because they "were neither parties to the earlier suit nor privies with respect to the subsequently entered judgment." *Id*. at ___; slip op at 3.

The Court noted that the plaintiffs would be "bound by the judgment only if they were in privity with [the insured] when the earlier judgment against [the insured] was entered." *Id*. at ___;

-4-

slip op at 3. " 'To be in privity is to be so identified in interest with another party that the first litigant represents the same legal right that the later litigant is trying to assert.' " *Id*. at ___; slip op at 7, quoting *Adair*, 470 Mich at 122. "In its broadest sense, privity has been defined as mutual or successive relationships to the same right of property, or such an identification of interest of one person with another as to represent the same legal right." *Id*. at ___; slip op at 7 (quotation marks and citations omitted). "An assignment of rights occurs when the assignor transfers his or her rights or interests to the assignee." *Id*. at ___; slip op at 7. In an assignment, "the assignee succeeds to the rights of the assignor, thus meeting the general definition of privity." *Id*. at ___; slip op at 7. However, "the mere succession of rights to the same property or interest does not, by itself, give rise to privity with regard to subsequent actions by and against the assignor." *Id*. at ___; slip op at 8. "Privity does not arise from the mere fact that persons as litigants are interested in the same question or in proving or disproving the same state of facts. Rather, the binding effect of the adjudication flows from the fact that when the successor acquires an interest in the right it is then affected by the adjudication in the hands of the former owner." *Id*. at ___; slip op at 8 (quotation marks, citation, and alteration omitted). "In other words, the assignee succeeds to those rights subject to any earlier adjudication involving the assignor that defined those rights. When the litigation involving the assignor occurs after the assignment, the rights could not yet have been affected by the litigation at the time they were transferred to the assignee." *Id*. at ___; slip op at 8. Importantly, "a judgment entered after the assignment does not bind the assignee because the assignee is not in privity with the assignor with respect to that judgment." *Id*. at ___; slip op at 8. Moreover, this Court has recognized that "[p]rivity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship in which the interests of the non-party are presented and protected by the party in the litigation." *Phinisee v Rogers*, 229 Mich App 547, 553-554; 582 NW2d 852 (1998) (quotation marks, citations, and alteration omitted).

The question here is whether plaintiff is in privity with Ferndale Rehabilitation Center, Vital Community Care, and Affiliated Diagnostics such that application of res judicata is appropriate. In this case, Tran assigned her right to past and presently due benefits directly to plaintiff (as well as Ferndale Rehabilitation Center, Vital Community Care, and Affiliated Diagnostics). The timing of the assignment and related judgments, as recognized in *Mecosta*, is critical in determining the preclusive effect of those judgments. Tran assigned her rights to collect PIP benefits to plaintiff on April 4, 2019. There was no adjudication of defendant's recession claim in any action to which Tran was a party and defendant correctly asserts that there is no judgment against Tran. The judgments in the other provider lawsuits were all entered after Tran's assignment to plaintiff. Defendant argues that the holding in *Mecosta* is limited to issues of "vertical privity," and inapplicable because "[p]laintiff is in privity with all three of the other providers because they share the same presently existing property interest in the Everest no-fault insurance policy." We disagree.

First, we note that the property interests assigned to each medical provider are distinct. The assignment by Tran to each medical provider assigned only her right to recover PIP benefits for services that each provider rendered—she did not assign to each provider the right to recover PIP benefits collectively. Therefore, each medical provider assignee had an interest only in the recovery of PIP benefits for their respective assignments from Tran.

Although the underlying facts regarding assignments in *Mecosta* differ, it is still instructive and the same principals apply. In order to be bound by a subsequently entered judgment, the assignees must be in privity. *Id*. at \_\_\_; slip op at 13. "When the litigation involving the assignor occurs after the assignment, the rights could not yet have been affected by the litigation at the time they were transferred to the assignee." *Id*. at \_\_\_; slip op at 8. Under *Mecosta*, Tran would have ceased to be in privity with the respective medical providers after she executed the assignments upon which their actions were based. It is undisputed that plaintiff was not a party to the other provider lawsuits. Additionally, there is no evidence that plaintiff and the other providers had "a working or functional relationship" in which the interests of plaintiff were "presented and protected by the party in the litigation." *Phinisee*, 229 Mich App at 553-554 (quotation marks, citation, and alteration omitted). Tran and plaintiff were not in privity with respect to any judgment subsequent to the assignment, and, therefore, it follows that plaintiff and the other medical provider assignees were also not in privity. Accordingly, the assignees were not in privity with each other with respect to the judgments that were rendered against those providers after Tran had assigned her present PIP claims to plaintiff. *Mecosta Co Med Ct*, \_\_\_ Mich at \_\_\_; slip op at 13. Therefore, plaintiff is not bound by the post-assignment adjudications resulting from the actions of the other assignees because the parties were not in privity. See *id*. at \_\_\_; slip op at 9 ("The assignee of a note is not affected by any litigation in reference to it, beginning after the assignment.") (quotation marks and citation omitted); see *id*. at \_\_\_ n 5; slip op at 9 n 5 ("The determination of issues in an action by or against either assignee or assignor is not preclusive against the other of them in a subsequent action, except when the action was brought by the assignor before the assignment and the assignee then brings an action or when there is a further relationship between the assignee and assignor from which preclusion may arise") (quotation marks and citation omitted). Because plaintiff was not in privity with Ferndale Rehabilitation Center, Vital Community Care, and Affiliated Diagnostics, res judicata does not bar plaintiff's claims. Similarly, collateral estoppel does not bar plaintiff's claims because plaintiff was not a party to or privities of parties to the other assignees' actions. See *id*. at \_\_\_; slip op at 5.[3]

We conclude that plaintiff was not in privity with the other assignees with respect to the judgments entered post-assignment. Therefore, plaintiff cannot be bound by those judgments under the doctrines of res judicata or collateral estoppel. Accordingly, the trial court erred by granting summary disposition in favor of defendant on the basis of res judicata.[4]

---

[3] We note that relitigation under the doctrine of collateral estoppel is generally permitted when "the party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action." *Wells Fargo Bank, NA v Null*, 304 Mich App 508, 522; 847 NW2d 657 (2014) (quotation marks, citation, and alterations omitted).

[4] Because the trial court granted defendant's motion under MCR 2.116(C)(7) on the basis of res judicata and it did not address defendant's motion under MCR 2.116(C)(10), we remand for the trial court to conduct further proceedings. See *Wells Fargo Bank*, 304 Mich App at 540-541 (remanding the case to the trial court for it to make a determination regarding whether a genuine issue of material fact existed).

We vacate the trial court's order granting summary disposition in favor of defendant and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Murray
/s/ Michelle M. Rick

FORT HOOD, J., did not participate.